IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JERRY M. BLEVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No.: 3:09-cv-137 |
| vs. ) | |
| ) | |
| CITY OF TUSKEGEE, ALABAMA, ) | DEMAND FOR JURY TRIAL |
| a Municipal Corporation; ALFRED ) | |
| J. DAVIS, in his individual and ) | |
| official capacities; JOHNNY FORD, in his ) | |
| individual capacity; OMAR NEAL, in his ) | |
| official capacity as Mayor of the City of ) | |
| Tuskegee; MAE DORIS WILLIAMS, in her ) | |
| individual and official capacities; & ) | |
| WILLIE LOUISE FIELDS, in her ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. Plaintiff Jerry M. Blevins ("Blevins") is a white male over the age of nineteen (19) years and a permanent resident of the County of Montgomery, within the Middle District of Alabama. At all times mentioned herein, Blevins was a duly licensed attorney engaged in the private practice of law as a solo practitioner in the State of Alabama, with his business office located in Montgomery County, Alabama.

2. Defendant City of Tuskegee, Alabama, is a body corporate, a municipality, formed and existing under the laws of the State of Alabama located in Macon County, within the Eastern Division of the Middle District of Alabama. During all times mentioned herein, the governing body of the City of Tuskegee was a council-manager form of

government, pursuant to § 11-43A-1, et seq., Code of Alabama (1975), with a five (5) member council consisting of: Mayor Johnny Ford, Councilwoman At Large Mae Doris Williams, Councilman Lutalo K. Aryce, Councilwoman Willie Louise Fields, and Councilwoman Georgette White-Moon. Said Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

3. Defendant Alfred J. Davis (hereinafter referred to as "Davis") is a black male over the age of 19 years and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Davis was employed by Defendant City of Tuskegee as its City Manager and was acting within the line and scope of his employment/agency during all times complained of. Blevins brings this action against Davis in both his individual and official capacities.

4. Defendant Johnny Ford (hereinafter referred to as "Ford") is a black male over the age of nineteen (19) years and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Ford served as the mayor of the City of Tuskegee and was acting within the line and scope of his duties as Mayor during all times complained of. Ford is no longer mayor and Blevins brings this action against Ford in his individual capacity.

5. Defendant Mae Doris Williams (hereinafter referred to as 'Williams") is a black female over the age of nineteen (19) years and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Williams served as a councilwoman for the City of Tuskegee and was acting within the line and scope

of her representative capacity as a councilwoman during all times complained of. Blevins brings this action against Williams in both her individual and official capacities.

6. Defendant Willie Louise Fields (hereinafter referred to as 'Fields") is a black female over the age of nineteen (19) years and, on information and belief, is a permanent resident of Macon County, Alabama. At all times mentioned herein, Fields served as a councilwoman for the City of Tuskegee, Alabama and was acting within the line and scope of her representative capacity as a councilwoman during all times complained of. Blevins brings this action against Fields in both her individual and official capacities.

7. Defendant Omar Neal is a black male over the age of nineteen (19) years and is the present mayor of the City of Tuskegee. He is sued only in his official capacity as mayor.

8. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; and the Civil Rights Act of 1991, 42 U.S.C. §1981a. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343(a)(4); 28 U.S.C. §2201; 28 U.S.C. §2202; and the supplemental jurisdiction of this Court. The violations of the rights of the Plaintiff alleged herein occurred within the Eastern Division of the Middle District of Alabama.

9. Plaintiff has fulfilled all conditions precedent to the institution of this suit under Title VII in that Plaintiff timely filed a Charge of Discrimination against Defendant City of Tuskegee, Alabama with the Equal Employment Opportunity Commission and filed this Complaint within ninety (90) days of the receipt of his Right-to-Sue Notice from the

Civil Rights Division of the U.S. Department of Justice.

10. On or about May 25, 2005, Blevins learned that Defendant City of Tuskegee was accepting applications for municipal judge and municipal prosecutor, via a notice distributed by Defendant Davis.

11. In response to the notice, Blevins submitted his application and resume to Defendant Davis for the position of city prosecutor.

12. Blevins was interviewed by Defendant City of Tuskegee's five member City Council, along with Defendant Davis, in or around September 2005. During this meeting, the rate of pay for the city prosecutor position was discussed and agreed upon should Blevins be appointed city prosecutor.

13. On or about November 3, 2005, Blevins was notified by letter by Defendant Davis of his appointment as city prosecutor.

14. Blevins was appointed city prosecutor based on the majority vote of the governing body, consisting of yea votes of Councilpersons Aryee, Fields, and White-Moon, and nay votes of Mayor Ford and Councilwoman Williams.

15. Blevins accepted the appointment and assumed the position of city prosecutor immediately thereafter.

16. At the time of Blevins' appointment, Albert C. Bulls, III (hereinafter referred to as "Bulls"), a black male, was the Municipal Judge for the City of Tuskegee, a position he continued to serve in by default pursuant to §12-14-30(b), Code of Alabama (1975), subsequent to Blevins' appointment, due to the governing body's failure to appoint a

successor municipal judge.

17. On or about July 13. 2006, Bulls engaged in what Blevins deemed to be unethical conduct in undeservingly verbally attacking a victim of a vicious assault, Carmellia Graves (hereinafter referred to as the "Graves matter"), during a restitution hearing in Municipal Court.

18. Prior to the Graves matter, Blevins and Bulls had been on good terms with one another.

19. As a result of Bulls' unethical conduct, Blevins filed a Complaint with the Judicial Inquiry Commission ("JIC") and further filed a Petition for Writ of Mandamus and Emergency Stay with the Circuit Court in Macon County, concerning certain rulings made by Bulls during the hearing on the Graves matter. Copies of each of these documents were provided to Defendants.

20. In retaliation for the filing of the JIC complaint and the mandamus petition, Bulls instituted an orchestrated campaign of making false and /or misleading accusations to the governing body of the City of Tuskegee against Blevins, in addition to attempting to provoke Blevins into confrontations in the Municipal Court.

21. As a result of the aforementioned retaliation, Blevins filed a supplemental complaint with the JIC documenting the retaliatory measures taken by Bulls subsequent to the filing of the original JIC complaint. A copy of this complaint was provided to Defendants.

22. Neither the governing body of the City of Tuskegee, nor Defendant Davis,

took any action to address Bulls' misconduct or to protect Blevins from Bulls' continued acts of retaliation.

23. On or about March 2, 2007, Defendant Davis notified Blevins of his termination as City Prosecutor, effective immediately.

24. Blevins' termination resulted from a majority vote of the governing body, consisting of yea votes of Mayor Ford and Councilpersons Fields and Williams and nay votes by Councilpersons Aryee and White-Moon.

25. Prior to being terminated, Blevins was not afforded a "due process" hearing or a meeting with Defendants to address any matters upon which the termination was based.

26. Prior to the filing of this action, Blevins filed an itemized and verified claim with Defendant City of Tuskegee as required by Alabama law. Said claim has not been acted on as of the filing of this action.

## COUNT I

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint as fully as if set forth herein.

28. During the course of Plaintiff's employment, Plaintiff was subjected to disparate terms and conditions of his employment by Defendant City of Tuskegee, Alabama, because of his race, white, in that Plaintiff was denied family health insurance coverage as a benefit of employment but Bulls, a black employee in the same job classification, was provided such coverage. Said action constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1991.

29. As a consequence of said unlawful conduct, Plaintiff suffered a loss of benefits, embarrassment, humiliation, and physical and mental distress.

## COUNT II

30. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as fully as if set forth herein.

31. During the course of Plaintiff's employment Plaintiff repeatedly inquired about and complained about the denial of his insurance coverage while Bulls was provided such coverage. On March 1, 2007 Plaintiff notified Defendant Davis that it appeared the denial was racially motivated, and that Plaintiff had contacted the EEOC concerning the matter. On March 2, 2007 Plaintiff was notified of his termination as City Prosecutor, effective immediately.

32. Plaintiff avers that his termination was in retaliation for his inquiries, complaints, and contacting the EEOC with regard to his concerns of racial discrimination.

33. As a consequence of said unlawful conduct, Plaintiff suffered loss of wages and fringe benefits, embarrassment, humiliation, physical and mental distress, and physical and mental and emotional pain and anguish.

34. The retaliation against Plaintiff was unlawful under Title VII of the Civil Rights Acts of 1964, as amended and the Civil Rights Act of 1991.

## COUNT III

35. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-34 above.

36. Defendant Davis represented to Blevins in the notice referenced at ¶10 above, that Defendant was ". . . accepting applications and resumes for **permanent appointment** to the positions of... Tuskegee Municipal Court Prosecutor... **for the term of the current administration**."

37. Defendant Davis represented to Blevins in the notice of appointment referenced at ¶13 above, that he had been appointed City Prosecutor "... effective immediately **for the remaining tenure of this council which ends September 30, 2008**."

38. The representations of Defendant Davis were false and were made intentionally with knowledge of their falsity, recklessly without knowledge, or innocently and by mistake. In fact, at the time of Defendant Davis' representations, it was his understanding that the city prosecutor would serve at the pleasure of the governing body for the City of Tuskegee and may be terminated at any time, with or without cause.

39. Said representations of Defendant Davis were misrepresentations of material facts which were relied upon by Blevins in accepting the appointment as city prosecutor.

40. As a direct and proximate cause of said misrepresentations, Blevins has suffered lost income and mental anguish.

### COUNT IV

41. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-40 above.

42. Blevins entered into a contractual agreement with Defendant City of Tuskegee, by and through Defendant Davis, to serve as city prosecutor through September

30, 2008.

43. Defendants breached the contractual agreement in terminating Blevins as City Prosecutor on March 2, 2007, without just cause.

44. As a direct and proximate result of Defendants' actions, Blevins has suffered injury/damages.

## COUNT V

45. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-44 above.

46. Defendant Davis had a duty to ensure the accuracy of his representations to Blevins concerning the terms of the position of City Prosecutor.

47. Defendant Davis breached this duty of care in misstating the term of the position of City Prosecutor.

48. Said misstatements resulted from neglect, carelessness or unskillfulness on Defendant Davis' part.

49. Defendant City of Tuskegee is liable for Defendant Davis' actions pursuant to § 11-47-190, Code of Alabama (1975).

50. As a direct and proximate result of Defendant Davis' negligence, Plaintiff has been injured/damaged.

## COUNT VI

51. Blevins expressly adopts as if set forth fully herein the allegations of paragraphs 1-50 above.

52.     Section 11-43A-45, Code of Alabama (1975), reads as follows:

No person shall be appointed to or removed from, or in any way favored or discriminated against with respect to any municipal position or appointive municipal administrative office because of race, sex, political or religious opinions or affiliations.

53.     Blevins alleges that his removal as City Prosecutor resulted from race discrimination by Defendants.

54.     Instead of addressing Bulls' continued acts of retaliation and misconduct, both on and off the bench, and in conducting no substantive inquiry into Bulls' misconduct, Blevins contends that Defendants simply ignored Bulls' misconduct and favored Bulls over Blevins, in terminating Blevins as city prosecutor, because Blevins is white.

55.     As a result of Defendants' actions, Blevins has suffered extreme mental anguish and other injuries/damages.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court will grant him relief as follows:

A.     Grant Plaintiff a declaratory judgment that the policies and practices and conduct complained of herein are unlawful and violative of the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964; and the Civil Rights Act of 1991;

B.     Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate Title VII of the Civil Rights Act of 1964; and the Civil Rights Act 1991;

C. Compensatory and punitive damages;

D. Grant Plaintiff reinstatement to Plaintiff's employment or front pay in lieu thereof;

E. Grant Plaintiff an award of lost wages, back pay and fringe benefits (plus interest);

F. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including all equitable relief within the jurisdiction of the Court, and an award of costs, attorneys' fees and expenses.

*/s/ Gerald L. Miller*
Gerald L. Miller (MIL039)
Attorney for Plaintiff, Jerry M. Blevins

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 322-0457
glm@rmclaw.com

s/Jerry M. Blevins
Jerry M. Blevins (BLE003)
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106
(334)262-7600

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury in this cause.

*/s/ Gerald L. Miller*
Of Counsel

**DEFENDANTS' ADDRESSES:**

City of Tuskegee, Alabama
c/o Omar Neal, Mayor
101 Fonville Street
Tuskegee, Alabama 36083

Omar Neal, Mayor
101 Fonville Street
Tuskegee, Alabama 36083

Johnny Ford
108 Eastside St
Tuskegee, AL 36083-1701

Alfred J. Davis
101 Fonville Street
Tuskegee, Alabama 36083

Mae Doris Williams
101 Fonville Street
Tuskegee, Alabama 36083

Willie Louise Fields
101 Fonville Street
Tuskegee, Alabama 36083