IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY M. BLEVINS | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.: 3:09-cv-137-CSC |
| | * | |
| CITY OF TUSKEGEE, ALABAMA, et al. | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION

COME NOW, Defendants, by and through counsel, and move the Court to dismiss this claim based on lack of federal subject matter jurisdiction. In support of their motion to dismiss for lack of federal jurisdiction, Defendants state as follows:[1]

1.  On April 8, 2007, Plaintiff filed suit against the City of Tuskegee and Alfred Davis in the Circuit Court of Macon County. Plaintiff alleged that the City of Tuskegee and Alfred Davis were liable for fraud in the inducement, breach of contract, and negligence.

2.  On February 28, 2008, Plaintiff filed an amended complaint. This complaint contained causes of action of fraud in the inducement, breach of contract, negligence, and discrimination based on Alabama Code §11-43A-45. Plaintiff's first amended complaint also added Johnny Ford, Mae Williams, and Willie Fields as Defendants.

3.  Defendants timely answered Plaintiff's first amended complaint.

4.  On March 27, 2008, Plaintiff filed a motion for temporary restraining order and preliminary

---

[1] Defendants seek to notify the Court at the earliest opportunity possible that there is a jurisdictional issue prior to the Court spending considerable time and resources into the adjudication of this matter.

injunction. Subsequently, the Court held a hearing on Plaintiff's motion, and it was denied in open court.

5.  On October 7, 2008, Plaintiff filed a motion for voluntary dismissal of his claims. Over Defendants' objection, Plaintiff's case against the City of Tuskegee, Alabama, Alfred Davis, Johnny Ford, Mae Williams, and Willie Fields was dismissed without prejudice, although Macon County still shows Plaintiff's case as active.

6.  On February 24, 2009, Plaintiff filed this complaint. Plaintiff's complaint alleged a violation of Title VII of the Civil Rights Act, unlawful retaliation in violation of Title VII of the Civil Rights Act, misrepresentation, breach of contract, negligence, and a discrimination claim pursuant to Alabama Code (1975) §11-43A-45.

7.  Now, Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(1), move for dismissal of Plaintiff's complaint because this Court lacks subject matter jurisdiction. It is Defendants' position that Plaintiff does not come with the definition of "employee" as set forth in Title VII, and therefore, Plaintiff's federal claims should be dismissed, leaving only state law claims.

8.  Plaintiff's claim of discrimination is not cognizable under the Civil Rights Act as a matter of law. The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any state or political subdivision of any state by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or <u>an appointee on the policy making level</u> or an immediate advisor with respect to the constitutional or legal powers of the office. See 42 U.S.C. § 2000e(f).

9.  Without a doubt and as set forth in paragraph 14 of Plaintiff's complaint, Plaintiff was appointed to the position of City Prosecutor. The remaining inquiry is whether the Plaintiff made

policies in his position as city prosecutor.

10.     It is Defendants' position that the question of whether a city prosecutor is a policy maker is a question of law that can be determined by the Court on a motion to dismiss.

11.     In the context of a claim of a politically-motivated dismissal under the First Amendment, the courts that have decided whether city and county attorneys are protected have almost uniformly found that city and county attorneys are not protected.

12      In *Williams v. City of River Rouge*, 909 F. 2d 151, 154 (6th Cir.1990), the court there held that "when examining a public office for first amendment protection against politically-motivated dismissal, the relevant focus of analysis is the inherent duties of the position in question, not the work actually performed by the person who happens to occupy the office". That court went on to hold that a city attorney was not entitled to First Amendment protection, because "the City Attorney could be employed by the City to give legal advice, to act as the City's solicitor, handling its litigation, to represent City officials in litigation, and to perform some of the City's prosecutions." *Id.* at 154-55. See also *Gordon v. County of Rockland*, 110 F. 3d 886, 891 (2nd Cir.1997). Cases holding government attorneys exempt from First Amendment protection against politically-motivated dismissal include *Williams, supra*; *Bauer v. Bosley*, 802 F. 2d 1058, 1063-64 (8th Cir.1986); *Livas v. Petka*, 711 F. 2d 798, 800-01 (7th Cir. 1983); *Newcomb v. Brennan*, 558 F. 2d 825, 830-31 (7th Cir. 1977).

13.     Because the issue of whether Plaintiff was a policy maker, and therefore not protected by Title VII, is a threshold issue in this case, Defendants have attached evidence supporting its argument. It is still Defendants' position that the issue of whether Plaintiff was a policy maker and therefore does not come within the definition of "employee" in Title VII is a question of law because

of the particular nature of the position of city attorney.

14. This issue of whether Plaintiff was a policy maker during his tenure at the City of Tuskegee has been answered by Plaintiff. In his deposition, Plaintiff was asked, "did you make policy as far as your position with the City?". His response was "yes." See Plaintiff's deposition attached hereto marked as Exhibit 1, p. 21, ll. 11-13.

15. Courts have set forth a list of factors to consider when determining who comes within the exception found in 42 U.S.C. §2000e(f). First, did the appointee have discretionary rather than solely administrative powers, *Stillans v. State of Ohio*, 843 F.2d 276 (8th Cir. 1988), over ruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *E.E.O.C. v. Board of Trustees of Wayne County Community College*, 723 F.2d 509 (6th Cir. 1983); *Costenbaer-Jacobson v. Pennsylvania*, 227 F.Supp.2d 304 (M.D. Pa. 2002); *Conley v. City of Erie, Pa.*, 521 F.Supp.2d 448 (W.D. Pa. 2007); second, whether the appointee served at the pleasure of the appointing authority, *Stillans v. State of Ohio*, 843 F.2d 276 (8th Cir. 1988), overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *E.E.O.C. v. Reno*, 758 F.2d 581 (11th Cir. 1985); *Costenbader-Jacobson v. Pennsylvania*, 227 F.Supp.2d 304 (M.D. Pa. 2002); *Conley v. City of Erie, Pa.*, 521 F. Supp. 2d 448 (W.D. Pa. 2007); third, whether the appointee formulated policy, *Stillans v. State of Ohio*, 843 F.2d 276 (8th Cir. 1988), overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Costenbader-Jacobson v. Pennsylvania*, 227 F.Supp.2d 304 (M.D. Pa. 2002); *Conley v. City of Erie, Pa.*, 521 F. Supp. 2d 448 (W.D. Pa. 2007); fourth, whether the appointee had power to act and speak on behalf of a policy maker, particularly an elected official; *Gordon v. County of Rockland*, 110 F.3d 886 (2nd Cir. 1997); *Vezzetti v. Pellegrini*, 22 F.3d 483 (2nd Cir. 1994); *Costenbader-Jacobson v.*

*Pennsylvania*, 227 F.Supp.2d 304 (M.D. Pa. 2002); *Conley v. City of Erie, Pa.*, 521 F. Supp. 2d 448 (W.D. Pa. 2007); and fifth, whether the appointee was exempt from civil service protection, controlled other employees, and had some technical competence or expertise, *Vezzetti v. Pellegrini*, 22 F.3d 483 (2d Cir. 1994); *Costenbader-Jacobson v. Pennsylvania*, 227 F.Supp.2d 304 (M.D. Pa. 2002). *Conley v. City of Erie, Pa.*, 521 F. Supp. 2d 448 (W.D. Pa. 2007).

16. Considering the factors discussed above, Plaintiff fits each description. First, Plaintiff admits he had discretion regarding the prosecutor's decisions. On page 22 of his deposition, Exhibit 1, he indicates that he would make decisions as to what criminal charges would be brought or modified. Second, Plaintiff served at the pleasure of the elected City Council officials. (See Exhibit 2). The resolution appointing Plaintiff to City Prosecutor made it clear that he served at the pleasure of the City Council. There is no dispute as to the words the City Council utilized in its resolution. Third, Plaintiff formulated policy in the City Prosecutor's position. On page 21 of his deposition, he specifically said "yes" when asked whether he made policy as far as his position within the City of Tuskegee. Fourth, Plaintiff was empowered to act and speak on behalf of the City. When Plaintiff prosecuted cases, his client was the City of Tuskegee. Any statement that he made in open court was made for the benefit of the City of Tuskegee. Lastly, Plaintiff is exempt from civil service protection. Basically, Alabama Code refers to him as a "prosecutorial service" not an officer, official, or employee. See Alabama Code §12-14-2. Also, as an attorney, Plaintiff would be considered to have some technical competence or expertise. As can be seen, there is absolutely no way that Plaintiff can make a valid claim under Title VII of the Civil Rights Act.

17. As set forth above, it is Defendants' position that this Court does not have subject matter jurisdiction because Plaintiff's federal claims fail as a matter of law, as Plaintiff does not come

within the definition of "employee" as set forth in the Civil Rights Act. Accordingly, Defendants request the Court to dismiss Plaintiff's federal claims for lack of subject matter jurisdiction.

s/ Rick A. Howard<br>
Alex L. Holtsford, Jr. (HOL048)<br>
Rick A. Howard (HOW045)<br>
April W. McKay (WIL304)<br>
Counsel for Defendants

OF COUNSEL:

NIX HOLTSFORD GILLILAND
   HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or ( c) by personal/firm e-mail to:

Gerald L. Miller
REDDEN, MILLS & CLARK, LLC
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

Jerry M. Blevins
Law Office of Jerry M. Blevins
Hillwood Office Center
2800 Zelda Road, Suite 200-3
Montgomery, Alabama 36106

On this the 5th day of March, 2009.

s/ Rick A. Howard<br>
OF COUNSEL