IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JERRY M. BLEVINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) Civil Action No.:3:09-137-WKW |
| vs. | ) |
| | ) |
| **CITY OF TUSKEGEE, ALABAMA, et al.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF FEDERAL JURISDICTION

Comes now the Plaintiff, Jerry M. Blevins, and responds to Defendants' Motion to Dismiss for Lack of Federal Jurisdiction, opposing such motion, as follows:

Defendants' motion is based solely on Defendants' contention that this Court lacks federal subject matter jurisdiction over this case because it contends the Plaintiff, the City Prosecutor for the City of Tuskegee, was not an "employee" within the meaning of Title VII of the Civil Rights Act. Defendants rely on what is commonly referred to as the "personal staff" exemption to the definition of an "employee" in 42 U.S.C. §2000e(f). Defendants' motion is expressly grounded on Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Apparently, Defendants are unfamiliar with or have overlooked the United States Supreme Court case of Arbaugh v. Y & H Corporation, 546 U.S. 500 (2006) decided three years ago. Arbaugh compels the conclusion that the "personal staff" exemption is not jurisdictional and therefore compels this Court to deny the motion. The issue Defendants seek to raise can be raised by the Defendants and decided by the Court on motion for summary judgment, after all parties will have the opportunity to engage in discovery on the

issue.

In Arbaugh, the United States Supreme Court held that the definitional requirement found in 42 U.S.C. §2000e(b) that an employer have fifteen or more employees was not jurisdictional but instead was an element of the plaintiff's claim. The Court drew a "readily administrable bright line" to assist courts with the question of whether a statutory limitation on coverage is jurisdictional. The Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." 546 U.S. at 516. The Court noted that nothing in the text of Title VII indicates that Congress intended the fifteen-employee threshold to be jurisdictional, noting that the provision does not appear in the jurisdictional portion of the statute but in a separate definitional section. The "personal staff" exemption involved here is found in the same definitional portion of the statute as was involved in Arbaugh. Therefore, the reasoning and holding of Arbaugh directly applies to this case, compelling the conclusion that the definition of "employee" and the "personal staff" exception is not jurisdictional. The Untied States District Court for the District of Connecticut has expressly so held in Massaro v. Allingtown Fire District, 2006 WL 1668008 (D. Conn. June 16, 2006). In Smith v. Angel Food Ministries, Inc., 2008 WL 5115037 (M. D. Ga. Dec. 4, 2008) the United States District Court for the Middle District of Georgia followed Arbaugh in an analogous context, holding the religious exemption in Title VII (42 U.S.C. §2000e-1(a)) is not jurisdictional.

The consequence of this conclusion is clear. Since Defendants seek dismissal only on the ground of lack of federal jurisdiction, and the issue is not jurisdictional, Defendants' motion is due to be denied. The Court in Smith faced this same situation. There, shortly

2

after the complaint was filed, the defendant filed a Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction based on the religious exemption to Title VII. The Court stated, "Because Defendant bases its motion to dismiss for lack of subject matter jurisdiction on a non-jurisdictional element of Plaintiffs' substantive cause of action, the Court must deny Defendant's motion" and noted that "Defendant will have the opportunity to pursue its religious exemption defense with a motion for summary judgment after discovery on that issue has been completed." 2008 WL 5115037 at *4.

In this case, the only motion pending before the Court is due to be denied. After both sides have had the opportunity to engage in discovery concerning the facts upon which the "personal staff" exemption issue will be based, Defendants can pursue a motion for summary judgment if they wish. The factors to be evaluated and about which discovery is necessary, in this Circuit, are as follows:

> There are several factors which are helpful in evaluating whether a person falls within the personal staff exception of Title VII. They are as follows: (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

Horne v. Russell County Commission, 379 F. Supp. 2d 1305, 1316-17 (M.D. Ala. 2005) (citing Laurie v. Alabama Court of Criminal Appeals, 88 F.Supp.2d 1334, 1338 (M.D. Ala. 2000), aff'd, 256 F.3d 1266, 1269 (11th Cir. 2001)). As Judge Myron Thompson noted in

Patrick v. City of Florala, 793 F.Supp. 301, 305 (M.D. Ala. 1992) this list of factors demonstrates that the question is a "highly factual" one which "cannot be resolved based solely on the allegations in the pleadings."

To illustrate, without attempting to argue these factors in depth, the same is certainly true in this case. The Defendants contend Mr. Blevins was appointed or hired as City Prosecutor by the elected City Council.[1] Mr. Blevins contends under Alabama law it was the City manager, Alfred Davis, who is not an elected official, who had the sole power to hire and remove him from his position. Alabama Code §11-43A-28 provides that the City Manager "shall have power and shall be required to:...(2) appoint and, when necessary for the good of the service, remove all officers and employees of the municipality..." (See Depo of Jerry Blevins, Defendants' Exhibit 1 to Defendants' Motion, pp. 20-21). Mr. Blevins contends he was hired by Davis for a specific term, through September 30, 2008 (Id., p. 18, 46-47), while the Defendants contend he served at the pleasure of the City Council. Mr. Blevins contends it was the City Clerk who informed him about the procedures of the municipal court (Id., pp. 29, 72) and he was supervised, to the extent he was supervised by anyone, by City Manager Alfred Davis (Id., pp. 62-64). Mr. Blevins contends he had almost no contact with the City Council. (Id., pp.69). In fact, Alabama law prohibits the City

---

[1] If Defendants are correct, their argument that the exemption applies fails at the outset. See Horne v. Russell County Commission, 379 F. Supp. 2d 1305, 1318 (M.D. Ala. 2005)("This Court concludes that the better-reasoned view is that the statutory exception to the definition of employee does not apply in this case. The plain language of the stature does not encompass persons who serve at the direction of a board or body of public officials. This court agrees that limiting the exception to persons who serve at the direction of a single public official comports with the plain meaning of the language of exception, is most consistent with the purpose of the exception, and is most consistent with applying a narrow construction of the exception.").

Council from being involved in the appointment or removal of the City Prosecutor and prohibits the Mayor and City Council from giving direction to the City Prosecutor. Ala. Code §11-43A-18.

To summarize, Mr. Blevins was not appointed by an elected official but by an unelected City Manager. The City Council exercised no control over how he performed his duties and there was certainly no "intimacy" of working relationship between the City Council and Mr. Blevins. While the Defendants claim in their motion that Mr. Blevins testified he was a policy maker as City Prosecutor, Mr. Blevins clarified his answer in his deposition, testifying, "I don't know if it constitutes policy-making legally or not" and only in a few instances did he have input as to the bringing or modification of charges brought. (Id., pp. 22). It is our position Mr. Blevins, as City Prosecutor, did not have a position comparable to that of a City Attorney for a municipality. The City of Tuskegee had another attorney who served as the City Attorney. That City Attorney advised the Mayor and City Council on legal matters and generally represented the City in legal matters and spoke on behalf of the City. The role of Mr. Blevins was much more limited. He simply prosecuted municipal court cases that were brought based on complaints sworn out by police officers and citizens before the City Magistrate. He did not make policy and he was not in a position in which he made policy or advised the Mayor or City Council on the making of City policy.

It is clear that the issue of whether Mr. Blevins was an "employee" of the City within the meaning of Title VII is not an issue that can be decided by this Court at this early stage of the litigation.

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Federal

5

Jurisdiction must be denied.

                    Respectfully submitted,

                    s/Gerald L. Miller
                    Gerald L. Miller (MIL039)
                    Attorney for Plaintiff, Jerry M. Blevins

**OF COUNSEL:**
REDDEN, MILLS & CLARK, LLP
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
(205) 322-0457
glm@rmclaw.com

                    s/Jerry M. Blevins
                    Jerry M. Blevins (BLE003)
                    Hillwood Office Center
                    2800 Zelda Road, Suite 200-3
                    Montgomery, Alabama 36106
                    (334)262-7600

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Rick Howard, Esq.
April W. McKay, Esq.
Alex L. Holtsford, Jr., Esq.
Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, Alabama 36103

                    /s/ Gerald L. Miller
                    OF COUNSEL